## The County of Cook

*v.*

## Thomas W. Sennott.

*Filed at Ottawa June 16, 1888.*

1. County officers—*duty to report fees, etc.—at what intervals.* The clerk of the Probate Court, and certain other county officers of Cook county, are required by law to make semi-annual reports of all fees, etc., on the first days of June and December, respectively, in each and every year, to the chairman of the county board, and after their accounts have been audited, to pay the balance found in their hands, above their compensation, to the county treasurer.

2. The clerk of the Probate Court of Cook county is not required by law to make monthly reports of the affairs of his office, nor is he required to pay over the balance found in his hands, except after his semi-annual reports shall have been audited by the county board. That board has no authority of law to require him to make monthly payments into the county treasury, and he may rightfully disregard any such order.

Appeal from the Circuit Court of Cook county; the Hon. Richard S. Tuthill, Judge, presiding.

Mr. E. R. Bliss, for the appellant.

Mr. Sidney Smith, and Mr. John M. Hamilton, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

Respondent, Thomas W. Sennott, is clerk of the Probate Court of Cook county, which court, it is alleged, is a "court of record." It seems he was elected and entered upon the duties of such office on the first Monday of December, 1886, for a term of four years. The petition is for a writ of *mandamus* to compel respondent, as clerk of such court, to pay into the county treasury, in compliance with an order of the county board, all fees, perquisites and emoluments of his office over and above the amount of his own compensation as fixed by

law, whatever that may be, received by him during the month of December, 1887. It is alleged that on the 12th day of September, 1887, the board of commissioners ordered all clerks of courts of record in Cook county, including the clerk of the Probate Court, to pay into the county treasury all the fees, perquisites and emoluments of their offices over and above the amount of their own lawful compensation; that a committee was appointed to make demand upon these officers, and that demand was made upon respondent, as clerk of the Probate Court, to comply with such order, but that he refused; that respondent made his semi-annual report on the 30th day of November, 1887, and paid into the county treasury the balance of the earnings of his office for that half year, and that during the month of December, 1887, respondent received as such clerk the sum of $3318.70, which money, less the amount due him on account of salary, should have been paid over, under such order of the board, at the end of that month, but that he refused to comply with the order in that respect, notwithstanding legal demand had been made upon him. To the petition alleging these and other facts with the usual fullness, the court sustained a demurrer, and dismissed the petition. That decision is assigned for error.

It is plain the order of the county board requiring all clerks of courts of record in Cook county to pay into the county treasury, monthly, all fees, perquisites and emoluments of their respective offices above the amount of their own salaries as fixed by law, so far as it relates to the clerk of the Probate Court, contravenes the provisions of the statute on that subject, and respondent was under no duty to observe it. Section 31 of "An act concerning fees and salaries," approved March 20, 1872, as amended by the act in force July 1, 1887, (Sess. Laws, 1887, page 185,) declares: "Every such officer, respectively, shall, on the 1st day of June and the 1st day of December, in each year, during the term of his office, and while receiving a salary as herein provided, make to the chair-

man of the board of commissioners a report in writing, under oath, of all the fees and emoluments of his office, of every name and description whatsoever, and of all necessary expenses for clerk hire, stationery and other expenses for the half year, or fraction thereof, ending at the time of said report. * * * It shall be the duty of said board of commissioners to audit such accounts as soon as may be, and correct and adjust the same in accordance with the facts. The balance found in the hands of any such officer * * * shall be paid over by such officer to the county treasurer as soon as his account shall have been audited, as aforesaid." Among the officers enumerated in this section of the statute is the "clerk of the Probate Court of Cook county." It is seen, this statute requires that respondent shall make semi-annual reports of certain matters pertaining to his office,—that is, on the first days of June and December, respectively, in each and every year. It is made his duty, after his accounts shall have been audited, to pay the balance found in his hands into the county treasury. He is not required to make "monthly reports" of the affairs of his office, nor is he required to pay the balance found in his hands, except after his semi-annual reports shall have been audited by the county board, as the statute requires shall be done. It is conceded respondent made his semi-annual report on the 30th of November, 1887, and paid into the county treasury the balance of the earnings of his office for that half year. The contention is as to the fees received during the month of December, 1887,—whether the balance over and above his own compensation should be paid over at the end of that month. It is a proposition that needs no argument in its support, that an order of the board of commissioners that requires respondent to pay over funds received by him in his official capacity, otherwise than he is directed by statute to do, is not binding upon him, and he can not be compelled by *mandamus,* or otherwise, to comply with such an order.

Besides the question as to the power of the board to require all these fees in excess of the officer's salary to be paid over "monthly," the petition also asks the court to determine the amount of compensation respondent is lawfully entitled to take since the passage of the amendatory act of 1887. That question is not involved in the present decision, and for that reason this court declines to express any opinion concerning it.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*